AO 93 (Rev. 11/13) Search and Seizure Warrant

# United States District Court
## for the
## Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

The Premises Known as 20 Ferguson Avenue, Buffalo, New York 14213

Case No. 23-MJ-5041

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Western District of New York *(identify the person or describe the property to be searched and give its location)*:

The Premises Known as 20 Ferguson Avenue, Buffalo, New York 14213, as more fully described in Attachment A, which is attached hereto and incorporated by reference herein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
See Attachment B, which is attached hereto and incorporated by referenced herein.

All of which are evidence, contraband, fruits, and instrumentalities of violations Title 18, United States Code, Sections 1028(a)(7) (possession of means of identification in connection with another felony offense, including wire fraud); 1029(a)(2) (use and trafficking of access devices); 1029(a)(3) (possession of 15 or more access devices); 1030(a)(2) (illegally accessing a protected computer); 1030(a)(5) (illegally damaging a protected computer); and 371 (conspiracy), 1343 (Fraud by Wire), 1344 (Bank Fraud), 1349 (Wire Fraud and Bank Fraud Conspiracy), 1028A (Aggravated Identity Theft), 1956(a)(1)(A)(i) (Promotional Money Laundering,), 1956(a)(1)(B)(i) (Concealment Money Laundering), 1957 (Transactional Money Laundering), 1956(h) (Money Laundering Conspiracy), 1030 (Computer Fraud and Abuse Act); 471 (Counterfeiting United States Currency); 473 (Buying, Selling, and Transferring Counterfeit United States Currency); Title 21, United States Code, Sections 844 (Simple Possession of Controlled Substances); 841(a)(1) (Distributing, Manufacturing, and Possessing with Intent to Distribute Controlled Substances); and 846 (Conspiracy to Violate 21 U.S.C. § 841(a)(1)), as more fully set forth in Attachment B, which is attached hereto and incorporated by reference herein.

YOU ARE COMMANDED to execute this warrant on or before ___April 17, 2022___
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Hon. Michael J. Roemer
*(United States Magistrate Judge)*

FILED APR - 6 2023 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30).*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: April 3, 2023 1:37pm

City and State: Buffalo, New York

_____
*Judge's signature*

HON. MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and Title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 23-MJ-5041 | Date and time warrant executed: 4/4/2023 @ ≈6:10am | Copy of warrant and inventory left with: ANIWANG BERRIE |
| Inventory made in the presence of: ANIWANG BERRIE | | |
| Inventory of the property taken and name of any person(s) seized: | | |

See attached receipt for property.

A.P.

### Certification

I declare under penalty of perjury that this inventory is correct, and was returned along with the original warrant to the designated judge.

Date: 4/5/2023

_Amanda Pike_
Executing officer's signature

Amanda Pike, Special Agent
Printed name and title

FD-597 (Rev. 4-13-2015)

Page 1 of 1

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property

Case ID: 288D-BF-3683437

On (date): 4/4/2023

item(s) listed below were:
- [X] Collected/Seized
- [ ] Received From
- [ ] Returned To
- [ ] Released To

(Name): 

(Street Address): 20 Ferguson Ave.

(City): Buffalo, NY

Description of Item(s): One Apple iPhone XR Serial #C8PXJG8YKXL0, Five Debit/Credit Cards, one passport card #C191083625 WW ISSAC CAROL, Two Zig Zag 1 1/4 Ultra thin, Three receipts, Checksoft Personal Deluxe, one pink HP Stream laptop S/N:5CD93124NN, one purple infinix cell phone S/N:I8N15, one box of blank checks, one rose gold apple iPhone, one black apple iPhone, Keybank Debit Card Ronald Hochman, misc paperwork to include DOL Fact Sheet, DOL Unemployment insurance, one promethazine HCL, Phenylephrine HCL and Codine phosphate syrup, one plastic bag of white powder substance.

Received By: _Amanda Pike_ (Signature)
Printed Name/Title: AMANDA PIKE, Special Agent

Received From: _(Signature)_
Printed Name/Title: Bai Wang

## ATTACHMENT A

*Property to Be Searched*

The property to be searched is 20 Ferguson Avenue, Buffalo, New York 14213, ("20 Ferguson") further described as a residential family structure. Property records for 20 Ferguson Avenue, Buffalo, New York 14213 showed the residence was sold on April 21, 2010 to Berrie, Aniwang & Marial Isaac.

The structure's front entrance faces south along Ferguson Avenue, has blue-colored exterior walls, a white front door with stairs up to the front porch, a second door on the residence's east side opens to the driveway on the east side of the residence.

The structure at 20 Ferguson does not appear to be marked with a house number. However, the structure to the east of 20 Ferguson is clearly marked with "22" on the left western-most post of the porch (as can be seen in the attached picture).





20 Ferguson Avenue

2

## ATTACHMENT B

*Property to Be Seized*

1. All records relating to violations of Title 18, United States Code, Sections 1028(a)(7) (possession of means of identification in connection with another felony offense, including wire fraud); 1029(a)(2) (use and trafficking of access devices); 1029(a)(3) (possession of 15 or more access devices); 1030(a)(2) (illegally accessing a protected computer); 1030(a)(5) (illegally damaging a protected computer); and 371 (conspiracy), 1343 (Fraud by Wire), 1344 (Bank Fraud), 1349 (Wire Fraud and Bank Fraud Conspiracy), 1028A (Aggravated Identity Theft), 1956(a)(1)(A)(i) (Promotional Money Laundering,), 1956(a)(1)(B)(i) (Concealment Money Laundering), 1957 (Transactional Money Laundering), 1956(h) (Money Laundering Conspiracy), 1030 (Computer Fraud and Abuse Act); 471 (Counterfeiting United States Currency); 473 (Buying, Selling, and Transferring Counterfeit United States Currency); Title 21, United States Code, Sections 844 (Simple Possession of Controlled Substances); 841(a)(1) (Distributing, Manufacturing, and Possessing with Intent to Distribute Controlled Substances); and 846 (Conspiracy to Violate 21 U.S.C. § 841(a)(1)) (the "Subject Offenses"), involving Wul Chol or Web Market A operators and occurring after March 1, 2020, including:

    a. Drugs and drug paraphernalia, including illegal drugs and controlled substances;

    b. Physical mediums related to bank or tax fraud, such as blank checks, paper, templates, dies, and ink;

    c. Tools and other devices used, or which are capable of being used, to create or manufacture counterfeit currency, checks, money orders, and other monetary instruments

    d. How-to guides related to malicious activity, including but not limited to bank accounts, tax filing, and credit cards;

    e. Financial instruments and documents unrelated to occupants of the residence, including but not limited to bank checks, money orders, credit cards, and statements;

 f. Logs, books, address books, phone number books or other lists related to the tracking or facilitation of illegal activity;

 g. Records and information relating to Web Market A;

 h. Records and information relating to an access, use, possession, or control over stolen personal information, financial information, and/or electronic devices.

 i. Records and information relating to cholw2016@yahoo.com;

 j. Records and information relating to the identity or location of the suspect(s);

 k. Records and information relating to malicious software;

 l. Records and information relating to finances, including financial institutions, financial instruments,

 m. Records and information relating to virtual currency such as bitcoin.

2. Computers or storage media used as a means to commit the violations described above.

3. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

 a. the records identified in paragraph 1 of this Attachment B;

 b. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

 c. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

2

    d.    evidence of the lack of such malicious software;

    e.    evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

    f.    evidence indicating the computer user's state of mind as it relates to the crime under investigation;

    g.    evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    h.    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    i.    evidence of the times the COMPUTER was used;

    j.    passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    k.    documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    l.    records of or information about Internet Protocol addresses used by the COMPUTER;

    m.    records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    n.    contextual information necessary to understand the evidence described in this attachment.

4.    Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

During the execution of the search of the Subject Premises described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual, who is found at the subject premises and reasonably believed by law enforcement to be a user of a device found at the premises, to the fingerprint scanner of the device; (2) hold a device found at the premises in front of the face those same individuals and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.